NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HECTOR SOLIZ, <br><br> Plaintiff <br><br> v. <br><br> CLIENT SERVICES, INC., et al. <br><br> Defendants. | Civil Action No.:11-4210 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge

This matter comes before the Court on Defendant Client Services, Inc. ("CSI") and Defendant Chase Bank, N.A's. ("Chase") respective motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions of the parties and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motions to dismiss are granted in part and denied in part.

**I.     BACKGROUND**

Plaintiff originally filed this action in State Court in Hudson County on or about June 16, 2011. On July 21, 2011, CSI removed this action to this Court under 28 U.S.C. § 1331 and § 1441(b) because Plaintiff's claims present federal questions. Plaintiff's Complaint states that "this is an action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2, against Defendant[] Chase Bank, N.A." However, Plaintiff later alleges that either "Client Services or Chase have violated the [FCRA]" by illegally reporting a debt and because his credit report

should show that based upon his June 29, 2010 letter to both Defendants, the debt in question is disputed. Thus, for the purposes of this motion, the Court will construe Plaintiff's complaint as bringing FCRA claims against both Defendants.[1] Plaintiff also brings claims against CSI for a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Namely, Plaintiff alleges that CSI communicated directly with Plaintiff despite Plaintiff's counsel providing notice that Plaintiff had retained counsel to negotiate Plaintiff's debt.

## II.  LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard is not akin to a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient. Id. In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949.

Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts

---

[1] The Court notes that Defendant CSI did not oppose the FCRA claims that this Court has construed as being brought against it. However, as this Court will dismiss these claims without prejudice, CSI will be granted an opportunity to oppose them should Plaintiff amend his complaint.

alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). It may not take into account additional facts asserted in a memorandum opposing such a motion to dismiss since such memoranda do not constitute pleadings under Federal Rule of Civil Procedure 7(a). Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988).

The burden of proof for showing that no claim has been stated is on the moving party. Hedges v. U.S., 404 F.3d 744, 750 (3d cir. 2005)(citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). During a Court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002). In general, the Federal Rules of Civil Procedure should be construed liberally so as to encourage ruling on the merits instead of technicalities: "This liberality is expressed throughout the Federal Rules of Civil Procedure and is enshrined in a long and distinguished history . . . . An inadvertant mistake in pleading will not be held against the pleader if another party has not been misled by the mistake or otherwise prejudiced." Lundy v. Adamar of New Jersey, 34 F.3d 1173, 1186 (3d Cir. 1994). Further, courts will not dismiss for failure to state a claim merely because the complaint miscategorizes legal theories or does not point to an appropriate statute or law to raise a claim for relief. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 909 n.10 (1990); Common Cause v. Pennsylvania, 558 F.3d 249 (3d Cir. 2009).

### III. ANALYSIS

#### A. FCRA Claims Against Both Defendants

§ 1681s-2(a)(1)(B) addresses the duties of those who furnish information to consumer

3

reporting agencies ("CRA") once they receive notice of a dispute regarding the completeness or accuracy of the information they provide. It prohibits any person form reporting information relating to a consumer to a CRA if the consumer notified the person that specific information is inaccurate and the information is, in fact, inaccurate.

Violations of the FCRA are generally not enforceable by a private right of action. See 15 U.S.C. § 1681s-2(d). A consumer only has a private right of action against a furnisher of information under the FCRA if the consumer disputed the reported information with a CRA. Burrell v. DFS Serv., LLC, 753 F. Supp. 2d 438, 444-49 (D.N.J. 2010) (Claim barred by statute and dismissed because plaintiff failed to dispute claim with CRA in addition to the furnisher of information).

In this case, Plaintiff does not allege that he notified a CRA that inaccurate or false information appeared on his credit report in connection with the disputed Account. Rather, Plaintiff only alleges that he notified both Defendants of the alleged inaccuracy. Thus, the Court must dismiss Plaintiff's FCRA claims as to both defendants. To the extent these defects can be cured, Plaintiff is granted 30 days from the date of entry of this Opinion and Order to amend his pleadings.

### B. FDCPA Claims Against CSI

Section 1692c(a) of the FDCPA provides that:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the

consumer.

Plaintiff's Complaint asserts a claim under § 1692c based on Defendant CSI's communications with Plaintiff, which occurred despite the statutory prohibition on a debt collector to so communicate when the collector knows the consumer is represented by an attorney. Plaintiff maintains in his Complaint that Plaintiff's counsel had sent a client representation letter to Chase; and therefore, as CSI acquired the debt from Chase, CSI knew or should have known that it was required to direct its communications to Plaintiff's attorney. (Id. at ¶ 11). While it is law in this Circuit that a consumer must demonstrate actual knowledge by a debt collector of consumer's representation by counsel for successful relief in an action, Hubbard v. National Bond & Collection Assoc., Inc., 126 B.R. 422 (Bankr. D. Del. 1991), aff'd without op., 947 F.2d 935 (3d Cir. 1991), it is premature at this stage for this Court to address whether Plaintiff's claim will so succeed. Rather, the Court must only determine whether there is sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

Having carefully reviewed the allegations set forth in Plaintiff's Complaint, the Court does not agree that Plaintiff's § 1692c claim fails to meet the pleading requirement of Rule 8(a). Accepting Plaintiff's factual allegations as true and drawing reasonable inferences in favor of Plaintiff, it is plausible that Plaintiff, having retained counsel, would have sent a client representation letter to a creditor, and should a debt collector agency take on the collection of that debt from another creditor, it is also plausible that such a collector would be aware of legal disputes or proceedings related to the original debt. Thus, CSI's motion to dismiss Plaintiff's claims under FDCPA §1692c is denied.

## IV.     CONCLUSION

For the reasons set forth above, Defendant Chase's motion to dismiss Plaintiff's FCRA claims is granted without prejudice. Defendant CSI's motion to dismiss Plaintiff's FDCPA claims is denied. Plaintiff is granted 30 days from the date of entry of this Opinion and Order to amend his pleadings in accordance with this Opinion.

DATED: September 14, 2011

/s/ Jose L. Linares
JOSE L. LINARES
U.S. DISTRICT JUDGE
